IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UGM OF DALLAS, INC. d/b/a UNION GOSPEL MISSION OF DALLAS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-0607-K |
| HARLEYSVILLE INSURANCE COMPANY and LAURA JONES, | § § § | |
| Defendants. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The Court ordered the parties each to file brief addressing this Court's subject matter jurisdiction, specifically whether non-diverse Defendant Laura Jones was improperly joined. *See* Ct. Or. (Doc. No. 5); *see generally* Defs.' Notice of Removal (Doc. No. 1) (acknowledging in-state Defendant Laura Jones shares same citizenship as Plaintiff but alleging she was improperly joined, so there is complete diversity of the parties, the sole basis for subject matter jurisdiction in federal court). The Court has carefully considered the briefing, the applicable caselaw, and any relevant portions of the record.   For the following reasons, the Court concludes that Defendants Harleysville Insurance Company and Laura Jones (together, "Defendants") fail to meet their heavy burden of demonstrating there is no reasonable basis for the Court to

ORDER – PAGE 1

predict that Plaintiff UGM of Dallas, Inc. may recover against non-diverse Defendant Jones on at least one state law claim.  Because Defendant Jones was properly joined and she is an in-state defendant sharing the same citizenship as Plaintiff, diversity jurisdiction is destroyed.  Lacking any subject matter jurisdiction over this matter, the Court must remand this case.  28 U.S.C. § 1447(c).

## I.      Factual and Procedural Background

Plaintiff UGM of Dallas, Inc.'s ("Plaintiff") owns two properties which allegedly sustained damage during a hailstorm on April 6, 2018.  *Id.* at 4, ¶ 8.  Defendant Harleysville Insurance Company ("Defendant Harleysville") issued a policy insuring these properties.  *Id.*  Plaintiff filed a claim for the properties' damage with Defendant Harleysville, and Defendant Laura Jones ("Defendant Jones") was assigned to process the claim.  *Id.* at ¶ 9.

Plaintiff alleges its contractor, Chris Irving CSI Renovations ("CSI"), inspected both properties multiple times, including when Defendant Jones was present, and found hail damage to the roofs and other areas of both properties.  *Id.* at ¶ 10.  CSI provided a photo log to Defendant Jones which showed "clear hail damage".  *Id.* Defendant Jones allegedly informed CSI that Defendant Harleysville should pay the claim and then she requested repair estimates.  *Id.*  Plaintiff's HVAC contractor, Air817, also inspected both properties "and issued reports which include[d] a cost

estimate for repairing/replacing the hail-damaged RTUs." *Id.* Plaintiff retained W. Tom Witherspoon, Ph.D., P.E. ("Dr. Witherspoon") to inspect the properties and submit an opinion on the cause of the damage. *Id.* at 5, ¶ 11. Dr. Witherspoon found the properties sustained hail damage consistent with the April 6 hailstorm and submitted reports recommending certain repairs and replacements. *Id.* Plaintiff sent Defendant Jones a request for payment of the claim along with copies of the reports, documentation, photographs, and repair estimates from CSI, Air817, and Dr. Witherspoon. *Id.* at ¶ 12. Plaintiff alleges Defendant Jones did not pay the claim but hired another company, ProNet Group, Inc. ("ProNet"), to inspect the properties. *Id.* ProNet allegedly issues reports which are favorable to insurers. *Id.* The inspection by ProNet allegedly revealed only certain damage was the result of hailstone from the storm at issue. *Id.* at ¶ 13. Defendant Harleysville determined the repair cost was less than Plaintiff's deductible and "the Claim was denied." *Id.* Plaintiff requested Defendants reconsider the decision and pay the claim but they did not. *Id.*

Plaintiff filed suit against Defendants in state court on February 11, 2022. In addition to its claims against Defendant Harleysville, Plaintiff separately asserts claims against Defendant Jones for violations of the Texas Insurance Code and the Deceptive Trade Practices Act (the "DTPA"). *See* Pl.'s Original Pet. at 9-11. Defendants removed the case to federal court on March 15, 2022 alleging diversity jurisdiction. *See generally*

ORDER – PAGE 3

Notice of Removal.  In their Notice of Removal, Defendants allege that Plaintiff is a citizen of the State of Texas, Defendant Harleysville is a citizen of the State of Ohio, and Defendant Jones is a citizen of the State of Texas.  *Id.* at 2-3.  Defendants acknowledge Defendant Jones shares the same citizenship as Plaintiff, but they argue that Defendant Jones's citizenship should be disregarded for diversity purposes because she was improperly joined.  *Id.* at 3.  In examining its subject matter jurisdiction *sua sponte*, the Court ordered the parties to brief Defendants' improper joinder argument.  The parties timely filed their respective briefs and this issue is now before the Court for determination.  *See* Doc. Nos. 9, 15 & 17.

II.    **Applicable Law**

A.    **Removal and Improper Joinder**

The Court has an obligation to examine its subject matter jurisdiction *sua sponte* at any time.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").  Section 1441(a), the federal removal statute, allows the removal of any case brought in state court in which a federal court has original jurisdiction.  28 U.S.C. § 1441(a).  In addition to actions involving a federal question, federal courts have original jurisdiction over civil actions between citizens of different States with an amount in controversy

that exceeds $75,000. 28 U.S.C. § 1332(a)(1). Section 1441(b) also provides that, in cases removable solely on diversity jurisdiction, the case may be removed "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting § 1441(b)). "If there is at least one nondiverse defendant, there is no federal jurisdiction . . . . So, in a case that has been removed to federal court on the basis of diversity, the determinative question is whether—*under federal law*—a nondiverse defendant was improperly joined." *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

"Improper joinder can be established in two ways: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (quoting *Smallwood*, 385 F.3d at 573). Defendants allege only the latter in this case. Under this theory of improper joinder, the court considers "whether . . . there is no possibility of recovery by the plaintiff against an in-state defendant" or, stated differently, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *accord Ticer*, 20 F.4th at 1046. The court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to

ORDER – PAGE 5

determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Ticer*, 20 F.4th at 1046 (quoting *Smallwood*, 385 F.3d at 573); *see also Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021) (quoting *Int'l Energy*, 818 F.3d at 200) (cleaned up) ("To pass muster under Rule 12(b)(6), a complaint must have contained enough facts to state a claim to relief that is plausible on its face."). In a small number of cases, the court may "in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573.  "However, a summary inquiry 'is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recover against the in-state defendant.'" *Ticer*, 20 F.4th at 1045 (quoting *Smallwood*, 385 F.3d at 573-74).

"The 'focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Ticer*, 20 F.4th at 1045 (quoting *Smallwood*, 385 F.3d at 573); *cf. Int'l Energy*, 818 F.3d at 206 ("In concluding that a plaintiff has not stated a claim against a nondiverse defendant under a Rule 12(b)(6)-type analysis in this context, the federal court decides only that it has jurisdiction over the plaintiff's claims against the diverse defendants—not that the plaintiff does not have a claim at all against the nondiverse defendant.").  The removing defendant "bears a heavy burden of proving that the

joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574; *see Ticer*, 20 F.4th at 1045 (party seeking removal must establish the court's diversity jurisdiction and that removal was proper). The court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." *Id.*

### B.      Texas Insurance Code § 541.060

In addition to other claims, Plaintiff alleges Defendant Jones violated § 541.060(a) of the Texas Insurance Code. Chapter 541 is intended to regulate trade practices in the business of insurance by identifying unfair methods of competition and deceptive practices and prohibiting those acts. *See generally* TEX. INS. CODE § 541.001. To that end, the Texas Insurance Code allows "a person who sustains actual damages [to] bring an action against another person for those damages caused by the other person engaging in an act or practice defined . . . to be an unfair method of competition or an unfair or deceptive practice in the business of insurance." § 541.151(1). "Person" is defined as an individual or business association "engaged in the business of insurance" and specifically "include[es] an []adjuster." § 541.002(2).

ORDER – PAGE 7

### III.    Analysis

Plaintiff argues diversity jurisdiction does not exist because it sufficiently alleged facts to plausibly state at least one state law claim against Defendant Jones and, therefore, support recovery against her.  Plaintiff contends that Defendants cannot meet their heavy burden, so the Court is without subject matter jurisdiction and must remand the case.  Alternatively, if the Court concludes the allegations fall short, Plaintiff seeks leave to amend its state court petition so to conform to the federal pleading standard.

Defendants respond that Plaintiff fails to state a claim against Defendant Jones that is cognizable under Texas law and also fails to satisfy the higher federal pleading standard under Federal Rule of Civil Procedure 9(b) because these claims are "grounded in fraud".  Defendants also contend Defendant Jones cannot be individually liable for these claims and certain claims are also time-barred.  Finally, Defendants urge the Court to deny Plaintiff's request for leave to amend because it would be futile.

In its Reply, Plaintiff maintains that its state court petition sufficiently states at least one valid state law claim against Defendant Jones on which Plaintiff may recover. Plaintiff further urges that the limitations period on these claims had not yet run when the lawsuit was filed and argues that Defendants rely on the wrong conduct and date triggering the statute of limitations.  Finally, Plaintiff asserts that caselaw permits the

amendment of state court pleadings to conform with the federal standard after a case has been removed.

The Court has viewed all factual allegations in the light most favorable to Plaintiff and resolved any disputed fact issues and ambiguities of Texas law in Plaintiff's favor. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004). The Court finds that Plaintiff's state court petition alleged sufficient facts to plausibly state a claim for relief under § 541.060(a)(2) against non-diverse Defendant Jones. *See Int'l Energy Ventures Mgmt.*, 818 F.3d at 200.

## A.    Proper Pleading Standard

As an initial matter, the Court addresses the applicable pleading standard for this analysis. The parties agree Plaintiff's state court petition is analyzed under the federal standard, rather than Texas's "fair notice" standard. However, Defendants argue that Rule 9(b)'s heightened pleading standard applies to all of Plaintiff's claims against Defendant Jones because fraud is either an element of the claim or the claim is grounded in fraud. Defendants' argument as to Plaintiff's claim under § 541.060(a)(2) fails. The Court does not address this issue as to Plaintiff's remaining claims against Defendant Jones because the improper joinder analysis in this case begins and ends with the claim under subsection (a)(2). *See Williams v. Homeland Ins. Co. of N.Y.*, 18

F.4th 806, 815 (5th Cir. 2021) ("Indeed, we have directed that *any* viable cause of action against a diversity-destroying party requires the entire case to be remanded[.]").

Defendants argue that Plaintiff's factual allegations supporting the claim are averments of fraud. In support, Defendants cite the Court to Plaintiff's allegations that Defendant Jones "indicated to [CSI] that Defendant Harleysville should pay the claim" and Defendant "Jones retained ProNet because it was known to Jones and/or Harleysville that ProNet would issue a report favorable to Harleysville which could then be used to deny or underpay Plaintiff's claim." Resp. at 8 (quoting Pl.'s Original Pet. at 4, ¶ 10 & 5, ¶ 12). These allegations are not based in fraud and, although certain Texas Insurance Code provisions are grounded in fraud, § 541.060(a)(2) itself is not. *See Piazzo v. Allstate Indem. Co.*, — F. Supp. 3d —, 2022 WL 1769198, at *3 (S.D. Tex. 2022) (unlike other provisions of Chapter 541 which are predicated on misrepresentation or fraud, § 541.060(a)(2)(A) "do[es] not rest on allegations of fraud"); *Trejo*, 2019 WL 4545614, at *7; *LGC Bldg. Ltd. v. Fed. Ins. Co.*, SA-17-CA-1029-OLG (HJB), 2018 WL 470829, at *4 (W.D. Tex. June 12, 2018) ("[T]hese claims under § 541.060(a)(2)(A) do not require any fraudulent conduct; the heightened pleading standard does not apply."); *Sarkar Invs., Inc. v. Travelers Prop. Cas. Co. of Am.*, Civ. Action No. 4:17-CV-3061, 2018 WL 706471, at *4 (S.D. Tex. Feb. 5, 2018) (because "the gravamen of a § 541.060(a)(2) is not fraud . . . ., the Rule 8(a)

ORDER – PAGE 10

pleading standard applies to that claim."); *Tiras v. Encompass Home & Auto Ins. Co.*, Civ. Action No. 4:10-CV-3266, 2011 WL 5827298, at *4 (S.D. Tex. 2011) ("Plaintiffs' claim under § 541.060(a)(2)(A) does not rest on allegations of fraud, as that section does not concern reliance on material representations."). The Court concludes Rule 8(a) applies to the § 541.060(a)(2) claim. *See Sarkar*, 2018 WL 706471, at *4 (because "the gravamen of a § 541.060(a)(2) is not fraud . . . ., the Rule 8(a) pleading standard applies to that claim."); *LGC Bldg.*, 2018 WL 470829, at *4 ("[R]ecent decisions have applied the less onerous Rule 8(a) general pleading standard to § 541.060(a)(2)(A) claims."); *cf. AV Tech. Support, Inc. v. Acadia Ins. Co.*, Civ. No. 5:17-CV-934-DAE, 2018 WL 2245500, at *4 (W.D. Tex. Mar. 20, 2018) ("Given the split in authority on which pleading standard applies, the Court will apply the lesser pleading standard under Rule 8(a).").

## B.     Claim Under Texas Insurance Code § 541.060(a)(2)

In addition to other claims, Plaintiff alleges Defendant Jones violated § 541.060(a)(2) by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). The Court conducts a Rule 12(b)(6)-type analysis in analyzing improper joinder here. *See Int'l Energy*, 818 F.3d at 207 ("Certainly a court *may* choose to use either one of these two analyses, but it *must*

ORDER – PAGE 11

use one and only one of them, not neither or both."). Defendants did not ask the Court to pierce the pleadings to predict whether Plaintiff has a reasonable basis for recovery under state law against Defendant Jones. *See Wilson v. State Farm Mut. Ins. Co.*, 3:20-CV-2965-X, 2022 WL 524793, at *4 (N.D. Tex. Feb. 22, 2022) (Starr, J.) (court noted that defendant State Farm did not "ask[] to go down the *Smallwood* path" of piercing the pleadings to assess Nash and Jones's settlement authority."); *see also Smallwood*, 385 F.3d at 573) (the "second way" a court may conduct improper joinder analysis is to "pierce the pleadings and conduct a summary inquiry."). Although Defendants submit Defendant Jones's declaration in support of their statute of limitations argument, the Court does not find this to be "evidence that would take this Court down path two" of piercing the pleadings for the reasons set forth below. *Wilson*, 2022 WL 524793, at *4 ("State Farm thus has not introduced evidence that would take this Court down path two (a *Smallwood* track to pierce the pleadings to look at evidence to see if there is any basis to recover against Nash and Jones)."). Therefore, the Court looks to Plaintiff's state court petition to determine whether Plaintiff states a claim under state law against Defendant Jones. *See Int'l Energy*, 818 F.3d at 200; *see also id.* ( quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)) ("To pass muster under Rule 12(b)(6), a complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'").

ORDER – PAGE 12

### 1.      Liability in Individual Capacity

Defendants argue that Defendant Jones cannot be liable in her individual capacity for these claims.  Defendants appear to assert that Defendant Jones is merely "connected to" Defendant Harleysville's denial of coverage of Plaintiff's claim, therefore she cannot be individually liable.  The Fifth Circuit recently remarked that it along with "the Texas Supreme Court have both recognized that 'Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities.'"  *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (quoting *Gasch*, 491 F.3d at 282).  Defendants concede that both state and federal in Texas have found adjusters may be individually liable under certain provisions of the Texas Insurance Code.  Resp. at 17.  But Defendants contend that the Court must consider certain factors in predicting whether a claim against the adjuster individually can be "viable": (1) whether the claim is premised on the adjuster's own conduct and (2) whether the adjuster's individual conduct caused damages to the insured that are independent from any duty the insurer owes under the policy.  *Id.*  The Court disagrees.

The Fifth Circuit has not addressed whether adjusters can be liable under § 541.060(a)(2) specifically.  *See also Waste Mgmt.*, 974 F.3d at 533 (acknowledging "there is disagreement about which provisions of Chapter 541 apply to adjusters" but

declining to "resolve this dispute" because plaintiff did not allege sufficient facts to state a claim under § 541.060(a)).  But this Court has decided this exact issue.  Relying on the well-reasoned analysis of a district court in the Western District, this Court specifically found that an adjuster can be sued in their individual capacity under § 541.060(a)(2)(A) because they "engage in the business of insurance" in investigating, processing, evaluating, approving, and denying claims.  *James v. Allstate Fire & Cas. Ins. Co.*, 475 F. Supp. 3d 578, 584 (N.D. Tex. 2020) (citing *Trejo v. Allstate Fire & Cas. Ins. Co.*, SA-19-CV-00189-FB-ESC, 2019 WL 4545614, at *5 (W.D. Tex. Sept. 19, 2019) (collecting cases), *adopted by*, 2019 WL 10302169 (Nov. 1, 2019)); *see also James*, 475 F. Supp. 3d at 583 (distinguishing cases rejecting adjuster's individual liability as having "recurring theme" that "adjuster did not have settlement authority over the given dispute.").  Indeed, courts in this district as well as this Circuit have "repeatedly held that adjusters can be individually liable under § 541.060(a)(2)(A)." *Birdow v. State Farm Mut. Auto. Ins. Co.*, 3:21-CV-2165-B, 2021 WL 5448973, at *5 (N.D. Tex. Nov. 22, 2021) (collecting cases); *see Trejo*, 2019 WL 4545614, at *5 (collecting cases).

The Court does not agree with Defendants that certain factors must be considered in determining whether Defendant Jones may be individually liable for the claim under § 541.060(a)(2).  This is particularly so in light of the Court's recent conclusion that adjusters can be individually liable under § 541.060(a)(2) without

ORDER – PAGE 14

reference to any such factors, as well as other district court decisions reaching the same conclusion without consideration of these factors. *James*, 475 F. Supp. 3d at 584; *see, e.g., Wilson*, 2022 WL 524793 at *3-4; *Home Run House, LLC v. Cincinnati Indem. Co.*, 1-20-CV-827-LY, 2020 WL 8340388, at * 6 (W.D. Tex. Dec. 4, 2020), *adopted by*, 2021 WL 298603 (Jan. 8, 2021); *Trejo*, 2019 WL 4545614, at 5-6; *LGC Bldg. Ltd. v. Fed. Ins. Co.*, SA-17-CA-1029-OLG(HJB), 2018 WL 4701829, at *4 (W.D. Tex. June 12, 2018), *adopted by*, 2018WL 4701816 (Aug. 8, 2018).  Even if there is a split in authority as to an insurance adjuster's individual liability under the Texas Insurance Code, that split must be resolved in the non-removing party's favor.  *See James*, 475 F. Supp. 3d at 584 ; *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

Here, Plaintiff sufficiently alleges action taken by Defendant Jones herself tending to show that she "engaged in the business of insurance" by investigating, processing, evaluating, and denying this claim.  *See,* Pl.'s Original Pet. at ¶¶ 10, 12, 28, 31; *see also* Defs.' Rep. at 13, ¶26 (emphasis added) ("Even if true, it only establishes that *Jones* relied on ProNet's report to *deny* Plaintiff's claim."); *cf. Messersmith v. Nationwide Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) ("[F]or an adjuster to be held individually liable, they have to have committed some act that is prohibited

by the section, not just connected to an insurance company's denial of coverage.").

Accordingly, Defendant Jones may be liable in her individual capacity under

§ 541.060(a)(2)(A).

> 2.     **Whether There is no Reasonable Basis For Court to Predict Plaintiff May Recovery Against Defendant Jones under § 541.060(a)(2)**

Even if individual liability can attach, Defendants argue Plaintiff fails to state a

claim against Defendant Jones, so there is no reasonable basis for the Court to predict

Plaintiff might recover against her.   The Court disagrees at least with respect to

Plaintiff's claim under § 541.060(a)(2)(A).  Plaintiff alleges that:  Defendant Jones was

assigned to process Plaintiff's claim for damage to its properties from a hailstorm;

Defendant Jones was present at the inspections conducted by CSI, Plaintiff's

contractor; CSI provided its reports and photo logs, which document and show the hail

damage, directly to Defendant Jones; Defendant Jones indicated to CSI that Defendant

Harleysville should pay the claim and requested CSI provide repair estimates;

Defendant Jones also received the report, documentation, photographs, and repair

estimates from Dr. Witherspoon, as well as the report and repair/replacement estimate

from Air817; Plaintiff submitted a request for payment to Defendant Jones; instead of

paying the claim, Defendant Jones retained ProNet to inspect the properties and issue

a damage report; Defendant Jones engaged ProNet because it issues reports favorable

ORDER – PAGE 16

to insurers which could then support denying or underpaying Plaintiff's claim; Defendant Jones received and rejected all of Plaintiff's evidence from CSI, Air817, and Dr. Witherspoon that established the damage was from a covered peril, and failed to fully and promptly pay Plaintiff's claim; and Defendant Jones failed to fully pay for repairs when liability was reasonably clear.  Pl.'s Original Pet. at ¶¶ 9-12, 28.

Under § 541.060(a)(2)(A), Defendant Jones must "attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." § 541.060(a)(2)(A).  Defendants argue that Plaintiff's allegations are conclusory, do not address actionable conduct by Defendant Jones, or merely track statutory language.  First, Plaintiff's allegations as to Defendant Jones are not conclusory; they contain some specific factual content that "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 F.3d 662, 678 (2009) (allegations must show "more than a sheer possibility that a defendant has acted unlawfully.").  These allegations identify conduct taken by Defendant Jones herself that is potentially actionable.  *See, e.g.,* Pl.'s Original Pet. at 5, ¶ 12 (alleging that Defendant Jones retained ProNet to inspect the properties and report on the damage instead of paying the claim, and she hired ProNet because it would issue a report favorable to Defendant Harleysville that could be used to deny or underpay Plaintiff's claim); 4-5, ¶¶ 10-12 (the reports, documentation, photographs,

and repair estimates of Plaintiff's contractors and Dr. Witherspoon evidence damage to the properties from the hail storm at issue, and these were given directly to Defendant Jones); 9-10, ¶ 28 (Defendant Jones rejected evidence that damage was caused by covered weather event and failed to pay for repairs even though "liability had become reasonably clear."); *cf. Sarkar Invs.*, 2018 WL 706471, at *5 (plaintiff's pleading "properly isolates" actions taken by adjuster that demonstrate "the kind of absence of 'good faith' contemplated under § 541.060(a)(2).").

Further, even if some of the allegations do track the statutory language as Defendants argue, Plaintiff pled enough additional factual allegations for the Court to reasonably predict Plaintiff may recover against non-diverse Defendant Jones. *See James*, 475 F. Supp. 3d at 588. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. But the allegations in Plaintiff's petition are certainly not a "formulaic recitation" of the statutory language that cannot satisfy the Rule 8(a) standard. *See id.* Plaintiff sufficiently alleges factual content from which the Court can reasonably infer Defendant Jones may be liable for her conduct. *Id.*

Defendants also argue that even if the allegations are true and not conclusory, Plaintiff's claim under § 541.060(a)(2) is time barred. Def.'s Resp. (15) at 12, ¶¶ 24 & 25; 13, ¶ 27. Defendants contend that Defendant Jones received Plaintiff's request

for payment and the reports, documentation, photographs and repair estimates from CSI, Air817, and Dr. Witherspoon, in December 2019, which is when Defendants' liability became "reasonably clear". *See* § 541.060(a)(2)(A) (prohibition on "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear."). According to Defendants, this then triggered the two-year statute of limitations on the § 541.060(a)(2) claim, thereby rendering this claim time-barred because Plaintiff initiated this action on February 11, 2022, more than two years later.

Defendants are wrong. "A plaintiff's cause of action under the Texas Insurance Code for unfair claims settlement practices . . . accrues on the date that the insurer denies coverage." *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 313 (5th Cir. 2019) (quoting *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)). "A plaintiff's cause of action under the Texas Insurance Code for unfair claims settlement practices . . . accrues on the date that the insurer denies coverage." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003); *see Great Am. Ins. Co. of N.Y. v. Spear Srvs., LLC*, 3:20-CV-3140-S-BH, 2022 WL 892693, at *5 (N.D. Tex. Mar. 11, 2022) *adopted by*, 2022 WL 891107 (Mar. 25, 2022) (Scholer, J.) ("Accrual of a cause of action arising from denial of an insurance claim can be triggered by either (1) the issuance of a written notice of denial, or (2) in the absence of a written notice

of denial, the insurer's closure of the claim."). Plaintiff alleges only that Dr. Witherspoon inspected Plaintiff's properties on December 9, 2019. Plaintiff does not allege in its Petition when written notice denying coverage was issued. Defendants' assertion that the statute of limitations began to run on the § 541.060(a)(2) claim in December 2019 is wrong under clear Texas law. Plaintiff makes no allegations whatsoever from which the Court could find there is no possibility Plaintiff could recover against Defendant Jones on this claim because it is time barred.

The Court notes that Defendants submitted the declaration of Defendant Jones as evidence that this claim accrued in December 2019 and is, therefore, time barred. *See* Defs.' App. at 3. (This is the only evidence Defendants submitted in support of their improper joinder argument as a whole.) As the Court previously stated, Defendants did not request the Court pierce the pleadings to determine whether Plaintiff has a reasonable basis for recovery against Defendant Jones and, based on this record, the Court in its discretion chose to conduct a Rule 12(b)(6)-type analysis. *See Int'l Energy*, 818 F.3d at 207 ("Certainly a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both."). Further, "a summary inquiry 'is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.'" *Ticer,* 20 F.4th at 1046 (quoting *Smallwood*, 385 F.3d at 573-74). Again,

ORDER – PAGE 20

Defendants misstate when the applicable statute of limitations accrues for this claim and, by Defendant Jones's declaration, Defendants present no evidence of undisputed facts showing the date coverage was denied thereby triggering the statute of limitations.

The Court takes all unchallenged factual allegations in the light most favorable to Plaintiff and resolves contested fact issues in its favor. *See Int'l Energy*, 818 F.3d at 204 n.41 (citing *Travis v. Irby*, 326 F.3d 664, 647 (5th Cir. 2003)). Based on these allegations, Defendant Jones could potentially be liable for violating § 541.060(a)(2)(A). *See James*, 475 F. Supp. 3d at 588; *cf. Ticer*, 20 F.4th at 1045 (court's focus is not on the merits of plaintiff's claim but on the joinder of the non-diverse defendant). Accordingly, Plaintiff's petition "state[s] a claim to relief" against Defendant Jones under § 541.060(a)(2) "that is plausible on its face." *Great Plains Tr. Co.*, 313 F.3d at 312 (quoting *Twombly*, 550 U.S. at 556).

"[T]he existence of even a single valid cause of action against [non-diverse] defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (quoting *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)); *accord Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 815 (5th Cir. 2021) ("Indeed, we have directed that *any* viable cause of action against a diversity-destroying party requires the entire case to be remanded[.]"). Because the claim under

ORDER – PAGE 21

§ 541.060(a)(2) is viable as alleged, the Court need not analyze whether Plaintiff's remaining claims against Defendant Jones are plausibly stated.

### C.   Conclusion

The Court has an obligation to examine its subject matter jurisdiction *sua sponte* at any time. *See FW/PBS*, 493 U.S. at 230-31; *see Ruhrgas*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). Defendants, as the removing parties, bear the "heavy burden" of proving non-diverse Defendant Jones was improperly joined in this action. *See Smallwood*, 385 F.3d at 574. To satisfy this burden, Defendants were required to "put forward evidence that would negate a possibility of liability on the part" of Defendant Jones. *McKee*, 358 F.3d at 333-34 (quoting *Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003)). "If there is arguably a basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Tr. Co.*, 313 F.3d at 312.

Defendants did not satisfy their heavy burden. Defendant Jones can be individually liable for the § 541.060(a)(2)(A) claim. Further, in conducting a Rule 12(b)(6)-type analysis, the Court concludes that Plaintiff's petition contains sufficiently detailed allegations to satisfy the threshold of facial plausibility and, therefore, states a claim on which relief can be granted under § 541.060(a)(2). *See*

ORDER – PAGE 22

*Iqbal*, 556 F.3d at 678; *Twombly*, 550 U.S. at 547.  Because the Court cannot conclude there is no reasonable basis to predict that Plaintiff may be able to recover against Defendant Jones, the Court likewise cannot find that Defendant Jones was improperly joined in this action.  *See Smallwood*, 385 F.3d at 573.  Accordingly, Defendant Jones's presence destroys diversity jurisdiction and this case must be remanded for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).

## IV.    Conclusion

For the foregoing reasons, the Court cannot conclude that non-diverse, in-state Defendant Laura Jones was improperly joined.  Therefore, her presence in this case destroys diversity jurisdiction and the Court cannot exercise subject matter jurisdiction over this matter.  This case must be remanded to the 14th Judicial District Court, Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED.**

Signed June 29th, 2022.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 23